No. 90-606

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN THE MATTER OF THE
ADOPTION OF B.R.O.,
a Minor Child.

FILED

AUG 20 1991

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighth Judicial District,
               In and for the County of Cascade,
               The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Ann C. German, Attorney at Law, Libby, Montana

      For Respondent:

      Antonia P. Marra, Bell & Marra; Great Falls, Montana


Submitted on Briefs: May 30, 1991

Decided: August 20, 1991

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The natural father of B.R.O. appeals from an order of the Eighth Judicial District Court, Cascade County, allowing the adoption of B.R.O. by her stepfather. We reverse.

We phrase the issue as follows:

Was the natural father properly served pursuant to § 40-8-124(2), MCA?

B.R.O. was born on September 26, 1977. Four years later, in 1981, her natural father was sentenced to 25 years in the Montana State Prison on a charge of sexual intercourse without consent.

In 1987, the marriage of the natural parents was dissolved. The mother married B.R.O.'s stepfather in November 1987. On August 10, 1990, the stepfather filed a petition for the adoption of B.R.O. In the petition, he alleged that the father, who had not seen the child since 1985, had abandoned the child. He also alleged that the father had not supported the child since 1981. The mother executed a consent to the adoption, which was filed with the petition. Later, B.R.O. herself filed a consent to the adoption. The Department of Family Services filed a waiver of investigation into the adoption.

A citation was issued on August 14, 1990, setting a hearing date of September 28, 1990. The sheriff's return shows that the citation was served on the father on August 18, 1990. All parties agree that the sheriff did not serve the father with a copy of the petition.

2

In an adoption proceeding, natural parents who can be found within the state must be personally served with a copy of the petition. Section 40-8-124(2), MCA. Natural parents who cannot be found within the state may be served by publication. Section 40-8-124(2), MCA. The subsection of the statute setting forth these rules provides in its entirety:

(2) When a petition has been filed seeking the adoption of a child, the court must cause service of process to be made on the parent or parents of the child, except in those cases hereinafter provided, in the following manner:

(a) The court shall order a citation to issue to the parent or parents in the name of the state of Montana and under the seal of the court directing such parent or parents to appear in court at a time to be fixed by the court and show cause why the petition should not be granted.

(b) Such citation, together with a copy of the petition for adoption, shall be personally served upon such parent or parents. If, however, any such parent or parents cannot be found within this state, service may be had by publication of a copy of the citation in the manner provided for the publication of summons by Rule 4, M.R.Civ.P.

Section 40-8-124(2), MCA (emphasis added).

Section 40-8-124(2), MCA, mandates that a natural parent be personally served with both the citation and the petition if he can be found within the state. Here, however, the father was served with the citation only. We must require strict compliance with the statute delineating the procedures for service of process.

We therefore reverse and remand for further proceedings consistent with this opinion.

3

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4